UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JAMES D. CRAFT**                                                              **PLAINTIFF**

**V.**                          **CIVIL ACTION NO. 1:06CV428 LTS-JMW**

**PHIL HARVEY and**
**STATE FARM FIRE & CASUALTY COMPANY**        **DEFENDANTS**

<u>MEMORANDUM OPINION</u>

The Court has before it Plaintiff James D. Craft's (Craft) motion to remand. For the reasons discussed below, this motion will be granted.

This action seeks compensation for property damage sustained in Hurricane Katrina. The state court complaint alleges that Craft was a policy holder insured by Defendant State Farm Fire & Casualty Company (State Farm) and that Defendant Phil Harvey (Harvey) was the agent through whom Craft purchased his State Farm policy.

According to the complaint, when Craft purchased his State Farm homeowners policy, Defendant Harvey "advised Plaintiff that he did not need flood coverage since his residence was not in a flood zone and he had not flooded in Camille." Craft contends that Harvey misrepresented the extent of the coverage Craft purchased from State Farm, and Craft also alleges that Harvey failed to procure the insurance Craft sought.

<u>Legal Theory Supporting Removal - Fraudulent Joinder</u>

State Farm's citizenship is diverse from Craft's; Harvey's citizenship is not. If Harvey is a properly named defendant, this Court lacks subject matter jurisdiction under 28 U.S.C. §1332 because there is no complete diversity of citizenship and because there is no federal question raised on the face of the complaint.

Removal is premised on State Farm's assertion that Craft has fraudulently joined Harvey as a defendant, and, having made that assertion, State Farm bears the burden of proving it to be true. *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). State Farm's burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiff all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

Under these guidelines, this court must determine whether there is any reasonable basis upon which the plaintiff could prevail and establish a right of recovery against the non-diverse defendant. If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed. These standards are even more liberal toward the plaintiff than the standards that apply to a motion under F.R.Civ.P. 12(b) since, in addition to accepting the allegations of the complaint and granting all reasonable factual inferences in favor of the plaintiff, the Court must also give the plaintiff the benefit of all reasonable doubt as to issues of state law, a factor not applicable to a Rule 12(b) motion.

### Allegations of the Complaint

Craft has alleged that when he purchased his State Farm homeowners policy, Harvey told him he did not need to purchase flood insurance. According to the complaint, Craft relied upon Harvey's statements in purchasing the State Farm coverage in question and in deciding not to purchase additional coverage. Plaintiff alleges that Harvey's representations were negligent, that the representations were material, that he reasonably relied upon these representations, and that he has suffered damage as a result of this reliance.

### Standard of Care Applicable to Insurance Agents

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).

As insurance agent or adjuster who acts with gross negligence, malice, or with reckless disregard for the rights of the insured during the process of adjusting a loss or considering the merits of a claim may incur individual liability for such acts. *Bass v. California Life Ins. Co.*, 581 So.2d 1087 (Miss.1991).

### Negligent Misrepresentation Under Mississippi Law

Under applicable Mississippi law, in order to state a cause of action for negligent misrepresentation, the aggrieved party must prove, by a preponderance of the evidence:

1. That there was a misrepresentation (or omission) of a fact;
2. That the misrepresentation (or omission) was material or significant;
3. That the misrepresentation (or omission) was the product of negligence, i.e. that the person making the representation or omission failed to exercise reasonable care;
4. That the person to whom the representation (or omission) was made reasonably relied upon the representation (or omission); and
5. That the person to whom the representation (or omission) was made suffered damages as a direct and proximate result of that reasonable reliance.

*Berkline v. Bank of Mississippi*, 453 So.2d 699 (Miss.1984); *Spragins v. Sunburst Bank*, 605 So.2d 777 (Miss.1992). These essential elements may fit Craft's theory of recovery and allegations against Harvey.

An actionable negligent misrepresentation may occur in circumstances where there is no legal duty underlying the representation. In *Berkline v. Bank of Mississippi*, 453 So.2d 699 (Miss.1984), a bank's statements concerning a bank customer's credit worthiness, made gratuitously in response to an inquiry by someone to whom the bank owed no duty, were found actionable when the statements proved false and were relied upon by the inquirer in extending credit to the bank's customer.

Thus, an insurance agent who undertakes to give his advice concerning the coverages an insured should purchase in circumstances where the advice is reasonably relied upon by the prospective insured may incur liability if the advice is the product of a failure on the part of the agent to exercise reasonable care.

Representations made by an insurer's agent may become binding when an insured reasonably relies upon the representations in purchasing insurance. *Scott v. Transport Indemnity Co.*, 513 So.2d 889 (Miss.1987); *Nichols v. Shelter Life Insurance Co.*, 923 F.2d 1158 (5th Cir.1991).

Of course, the truth of Craft's allegations, the circumstances in which Harvey's alleged representations were made, the question of whether Craft reasonably relied upon the statements he attributes to Harvey, and the question whether the representations, if made, were made negligently, are questions for the finder of fact to decide after consideration of the evidence supporting the claim and consideration of the evidence offered by the defense. Likewise, the standard of care applicable to Defendant Harvey and the question whether his actions met that standard of care can be answered only when the record in this case has been fully developed. At this juncture, however, Craft's allegations must be accepted as true; he must be granted all reasonable inferences in favor of his theory of recovery; and any doubtful issues of state law must be resolved in his favor.

Without venturing any opinion on the merits of Craft's claim, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder has occurred, Harvey and State Farm have failed to establish that Craft has no viable legal theory upon which he may proceed against Harvey.

Accordingly, I will grant the motion to remand without prejudice to the right of the defendants to remove this case a second time in the event the case should become removable during subsequent state court proceedings. The subsequent removal of this action would, of course, be subject to the one-year time limit for the removal of diversity cases under 28 U.S.C. §1446 and all other rules and decisions governing the right of removal.

An appropriate order will be entered.

Decided this 31st day of July, 2006.

s/ L. T. Senter, Jr.

L. T. Senter, Jr.
Senior Judge